UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JASON S. WESTERMAN<br><br>　　　　Plaintiff,<br><br>　-v-<br><br>CASCADE RECEIVABLES<br>MANAGEMENT, LLC<br><br>　　　　Defendant. | CASE NO.: 2:19-cv-00017<br><br>JUDGE:<br><br><br>COMPLAINT<br>JURY DEMAND ENDORSED HEREON |

Plaintiff, Jason Westerman, for his complaint against Cascade Receivables Management, LLC ("Defendant"), states as follows:

NATURE OF THE ACTION

1. Plaintiff brings this action seeking damages pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and the Indiana Deceptive Consumer Sales Act, I.C. 24-5-0.5 *et seq.* ("IDCSA"), for Defendant's unlawful collection practices as described more fully in this complaint.

JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is therefore conferred upon this Court by 15 U.S.C § 1692k and 28 U.S.C. §§ 1331, 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant transacts business in the Northern District of Indiana and the events and/or omissions giving rise to the claims made in this complaint occurred within the Northern District of Indiana.

1

## PARTIES

4. Plaintiff, Jason Westerman ("Mr. Westerman"), is a natural adult person residing in Portage, Indiana, which lies within the Northern District of Indiana.

5. Mr. Westerman is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

6. Mr. Westerman is a "person" as that term is defined by § 24-5-0.5-2(a)(2) of the IDCSA.

7. Defendant, Cascade Receivables Management, LLC is a Delaware corporation in the business of collecting consumer debts on behalf of others within the State of Indiana and throughout the United States. As such, Defendant regularly uses the mails and/or telephone to collect, or attempt to collect, delinquent consumer accounts.

8. In its communications to consumers, Defendant identifies itself as a "debt collector."

9. Defendant is a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

10. Defendant is a "supplier" as that term is defined by § 24-5-0.5-2(a)(3) of the IDCSA.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and/or insurers at all times relevant to this action.

## FACTS SUPPORTING CAUSES OF ACTION

12. On or around December 3, 2018, Mr. Westerman received calls from Defendant that he was unable to answer.

13. On or around December 3, 2018, Mr. Westerman returned Defendant's initial call and spoke to Defendant's agent (the "Phone Call"). At the time of the Phone Call, Defendant's agent identified Defendant as a debt collector.

14. During the Phone Call, Defendant's agent advised Mr. Westerman that he had an outstanding account from a medical bill with a balance of $539.00 that has been delinquent since January 8, 2012 (the "Subject Debt").

15. Mr. Westerman did not recall this account as belonging to him.

16. Defendant's agent subsequently attempted to collect payment of the Subject Debt from Mr. Westerman by making a settlement offer of $269.00 that was valid if payment was received that day.

17. The applicable statute of limitations for the Subject Debt states, in relevant part:

> "An action upon promissory notes, bills of exchange, or other written contracts for the payment of money executed after August 31, 1982, must be commenced within six (6) years after the cause of action accrues." *See* I.C. § 34-11-2-9.

18. Thus, given the applicable six (6) year statute of limitations and the fact that the Subject Debt has been delinquent since January 8, 2012, as of December 3, 2018, the date of the Phone Call, the Subject Debt was a time-barred debt, *i.e.*, it fell outside the applicable statute of limitations.

19. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Mr. Westerman that the Subject Debt was time-barred or that Defendant could not file a lawsuit against Mr. Westerman to collect it.

20. Despite the time-barred status of the Subject Debt, at no point during the Phone Call did Defendant's agent disclose or explain to Mr. Westerman that by paying, or just agreeing to pay, any portion of the Subject Debt, or merely acknowledging the Subject Debt as valid could have the effect of resetting the applicable statute of limitations as to the Subject Debt, potentially subjecting Mr. Westerman to further legal consequences.

21.     Confused and concerned after the Phone Call, and questioning the validity of Defendant's claim to the Subject Debt, Mr. Westerman reached out to his attorneys for assistance and clarification regarding his rights.

22.     After a reasonable time to conduct discovery, Mr. Westerman believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

## DAMAGES

23.     Mr. Westerman was misled by Defendant's collections actions.

24.     Mr. Westerman justifiably fears that, absent this Court's intervention, Defendant will continue to attempt to collect payment from him using abusive, deceptive and unlawful means, and ultimately cause him unwarranted economic harm.

25.     Due to Defendant's conduct, Mr. Westerman was forced to hire counsel and his damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

26.     After a reasonable time to conduct discovery, Mr. Westerman believes he can prove that all actions taken by Defendant as described in this complaint were taken willfully and/or with knowledge that its actions were taken in violation of the law.

27.     Due to Defendant's conduct, Mr. Westerman is entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other debt collection agencies from engaging in the unlawful collection practices described herein.

## GROUNDS FOR RELIEF

### COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
*15 U.S.C. §§ 1692e, e(2)(A), e(10) and f*

28.     All prior paragraphs are incorporated into this count by reference.

29. The FDCPA states, in relevant part:

> "A debt collector may not use any false, deceptive, or misleading representation or .means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) The false representation of -- (A) the character, amount, or legal status of any debt; (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §§ 1692e, e(2)(A) and e(10).

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f.

30. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), e(10), and f during the Phone Call by attempting to collect the Subject Debt after omitting the disclosure of information to Plaintiff regarding the Subject Debt's time-barred status and the potential legal consequences of Plaintiff paying, or agreeing to pay, upon the subject time-barred debt.

31. Defendant knew, or should have known, that the Subject Debt was time-barred, yet failed to provide complete and/or accurate disclosure of same to Plaintiff.

32. Such omissions served only to confuse and intimidate Plaintiff in the hopes that he waived his rights and affirmative defenses under the law. Plaintiff was unable to adequately determine the character and legal status of the Subject Debt based upon Defendant's representations and/or omissions, and was unable to adequately determine the potential legal consequences of making, or arranging to make, a payment on the Subject Debt.

33. As an experienced debt collector, Defendant knows that its representations to consumers concerning the legal status of an alleged debt owed, and the consumer's rights under the FDCPA and/or the applicable statute of limitations, are required to be truthful, complete and accurate, and disclosed without any intent to mislead or deceive.

34. As Plaintiff had no prior contractual relationship or dealings with Defendant whatsoever, Plaintiff was justifiably confused and skeptical of the representations and/or omissions regarding the legal status of the Subject Debt, as well as Defendant's ability to legally collect upon it.

35. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

COUNT II
VIOLATIONS OF THE INDIANA DECEPTIVE CONSUMER SALES ACT
*I.C. §§ 24-5-0.5-3(a) and (b)(20)*

36. All prior paragraphs are incorporated into this count by reference.

37. The IDCSA states, in relevant part:

> "A supplier may not commit an unfair, abusive, or deceptive act, omission, or practice in connection with a consumer transaction. Such an act, omission, or practice by a supplier is a violation of this chapter whether it occurs before, during, or after the transaction. An act, omission, or practice prohibited by this section includes both implicit and explicit misrepresentations." I.C. § 24-5-0.5-3(a).

> "Without limiting the scope of subsection (a), the following acts, and the following representations as to the subject matter of a consumer transaction, made orally, in writing, or by electronic communication, by a supplier are deceptive acts: The violation by a supplier of the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.), including any rules or regulations issued under the federal Fair Debt Collection Practices Act (15 U.S.C. 1692 et seq.)." I.C. § 24-5-0.5-3(b)(20).

> "A person relying upon an uncured or incurable deceptive act may bring an action for the damages actually suffered as a consumer as a result of the deceptive act or five hundred dollars ($500), whichever is greater. The court may increase damages for a willful deceptive act in an amount that does not exceed the greater of: (1) three (3) times the actual damages of the consumer suffering the loss; or (2) one thousand dollars ($1,000)." I.C. § 24-5-0.5-4(a)(1)(2).

38. Defendant's collection activity in connection with the Subject Debt is a "consumer transaction" as that term is defined by the IDCSA at I.C. § 24-5-0.5-2(a)(1)(C).

6

39. Defendant engaged in unfair, abusive, and deceptive conduct in its transactions with Plaintiff, in violation of I.C. §§ 24-5-0.5-3(a) and (b)(20), by completely omitting any disclosure whatsoever to Plaintiff or any information whatsoever regarding the time-barred status of the Subject Debt, namely, that Defendant could no longer sue Plaintiff to collect it and/or the potential legal consequences of Plaintiff paying, or agreeing to pay, any portion of the Subject Debt.

40. Defendant intended that Plaintiff rely on its unlawful communications in order to procure immediate payment of the Subject Debt and/or prevent Plaintiff from exercising his rights. As such, Defendant committed a "willful deceptive act" as that term is used and/or contemplated within the IDCSA.

41. As set forth in paragraphs 23 through 27 above, Plaintiff has been harmed and has suffered damages as a result of Defendant's unlawful collection practices as described herein.

42. Plaintiff is therefore entitled to relief pursuant to I.C. § 24-5-0.5-4(a)(1)(2).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Jason Westerman, respectfully requests that this Court enter judgment in his favor as follows:

A. Awarding Plaintiff actual damages, in amounts to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1) and I.C. § 24-5-0.5-4(a)(1)(2);

B. Awarding Plaintiff statutory damages in the amount of $1,000.00, as provided under 15 U.S.C. § 1692k(a)(2)(A);

C. Awarding Plaintiff statutory damages, in an amount to be determined at trial, as provided under I.C. § 24-5-0.5-4(a)(1)(2);

D. Awarding Plaintiff the costs of this action and reasonable attorneys' fees, as provided under 15 U.S.C. § 1692k(a)(3); and

E. Awarding Plaintiff any other relief as this Court deems just and appropriate.

DATED this 11th day of January, 2019.	Respectfully Submitted,

/s/ Kristen C. Wasieleski
Kristen C. Wasieleski #6303018
David S. Klain #0066305
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
kristen.w@consumerlawpartners.com

*Counsel for Plaintiff*

## JURY DEMAND

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial to a jury on all issues of fact.

/s/ Kristen C. Wasieleski
Kristen C. Wasieleski #6303018
CONSUMER LAW PARTNERS, LLC

## **VERIFICATION OF COMPLAINT AND CERTIFICATION**

STATE OF INDIANA                )
                                ) ss
COUNTY OF PORTER                )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Jason Westerman, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of January, 2019.



_____
Signature